Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Kristofer T. Noneman, OSB #224630
Email: kristofer@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS**
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Tim Sapp

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TIMOTHY SCOTT SAPP**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**PROBUILD CONTRACTORS, LLC.**, a Foreign Limited Liability Company, **SERVPRO OF NORTHWEST PORTLAND**, an Oregon Assumed Business name, **PDX RESTORATION, LLC**, a Foreign Limited Liability Company, **LORELEI E. STEEN**, individually and in her official capacity, **NICHOLAS J. STEEN**, individually and in his official capacity, **JASON GOMEZ**, individually and in his official capacity, and **JOHN ALLEN**, individually and in his official capacity,<br><br>    Defendants. | Case No. 3:23-cv-00743<br><br>**COMPLAINT**<br><br>**Whistleblower Retaliation ORS 659A.199; Violations of ORS §659A.030(1)(g); Defamation** *Per Se*; **Intentional Infliction of Emotional Distress**<br><br>**Claim: $660,000.00**<br>**Filing Fee: $402.00**<br><br>**DEMAND FOR JURY TRIAL** |

PAGE 1 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Plaintiff Tim Sapp ("Plaintiff"), by and through his undersigned attorneys, does hereby state and allege as follows:

## I.	INTRODUCTION

1.

This is an employment case involving whistleblower retaliation, violations of ORS 659A.030(1)(g), defamation *per se*, and Intentional Infliction of Emotional Distress ("IIED") which resulted in Plaintiff Tim Sapp's ("Plaintiff") termination of employment from Defendant ProBuild Contractors, LLC ("ProBuild").

This termination of employment resulted in Plaintiff sustaining a loss of professional reputation, humiliation, physical and emotional distress, and economic damages. Defendants violated Plaintiff's fundamental rights when they retaliated against Plaintiff for his good faith reports of wrongdoing, including insurance fraud.

Defendants' adverse employment actions include subjecting Plaintiff to increased scrutiny, terminating Plaintiff's employment, and defaming Plaintiff to other employees, vendors, subcontractors, and customers after he was terminated. In this suit, Plaintiff seeks compensation for the numerous losses caused by the misconduct of the Defendants.

## II.	JURISDICTION AND VENUE

2.

This action for whistleblower retaliation, defamation *per se*, and IIED are properly in this Court under 28 U.S.C. §1332(a) because this Court has diversity jurisdiction of Plaintiff and Defendants who are residents of separate states and because the amount in controversy exceeds $75,000.00.

3.

This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

4.

Venue in this district is proper under 28 U.S.C. §1391(b) and Local Rule 3-2 because the Defendants are located in this District and Division, and the entity Defendants' Principal Places of Business are in this District and Division.

### III.    THE PARTIES

5.

At all material times herein, Plaintiff was and is a citizen of the State of Washington. At some material times, Plaintiff was employed by Defendants as a Project Manager until his termination. At other material times, Plaintiff was a former employee of Defendants.

6.

According to records on file with the Oregon Secretary of State, at all material times, Defendant ProBuild Contractors, LLC, ("ProBuild") was and is a foreign Limited Liability Company with its' incorporation in the State of Delaware and its Principal Place of Business in the State of Oregon, thus making ProBuild a citizen of the State of Oregon. According to records, Defendant Lorelei E. Steen is listed as the Registered Agent and Manager, and Defendant Nicholas J. Steen is listed as a Member.

7.

According to records on file with the Oregon Secretary of State, at all material times, Defendant ServPro of Northwest Portland, ("ServPro") was and is an Oregon Assumed Business

Name with its' Principal Place of Business in the State of Oregon, thus making ServPro a citizen of the State of Oregon. According to records, Defendant PDX Restoration, LLC, is the Registered Agent and Registrant.

8.

According to records on file with the Oregon Secretary of State, at all material times, Defendant PDX Restoration, LLC, ("PDX Restoration") was and is a foreign Limited Liability Company with its' incorporation in the State of Delaware and its' Principal Place of Business in the State of Oregon, thus making PDX Restoration a citizen of the State of Oregon. According to records, Defendant Lorelei E. Steen is listed as the Registered Agent and Manager, and Defendant Nicholas J. Steen is listed as a Member.

9.

At all material times, Defendant Lorelei E. Steen ("L. Steen") is and was a citizen of the State of Oregon. L. Steen was and is the Registered Agent and Manager for Defendant ProBuild and Defendant PDX Restoration. At times, L. Steen was acting inside the scope of her employment, and at times, Steen was acting outside the scope of her employment.

10.

At all material times, Defendant Nicholas J. Steen ("N. Steen") is and was a citizen of the State of Oregon. N. Steen was and is a Member for Defendant ProBuild and Defendant PDX Restoration. At times, N. Steen was acting inside the scope of his employment, and at times, Steen was acting outside the scope of his employment.

///

///

PAGE 4 – **COMPLAINT**

EMPLOYMENT LAW PROFESSIONALS
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

11.

At all material times, Defendant Jason Gomez ("Gomez") is and was a citizen of the State of Oregon. At material times, Gomez was the General Manager of Plaintiff's employer. At times, Gomez was acting inside the scope of his employment, and at times, Gomez was acting outside the scope of his employment.

12.

At all material times, Defendant John Allen ("Allen") is and was a citizen of the State of Oregon. At material times, Allen was the Reconciliation Manager of Plaintiff's employer. At times, Allen was acting inside the scope of his employment, and at times, Allen was acting outside the scope of his employment.

IV.    FACTUAL ALLEGATIONS

13.

Plaintiff worked for ProBuild from about or in October 2019, until his termination on May 19, 2022.

14.

During Plaintiff's employment he was very successful, respected by colleagues and customers, and a good employee.

15.

Before Plaintiff raised serious issues of possible insurance fraud, Plaintiff never received any discipline nor was Plaintiff ever demoted, suspended, or placed on leave.

///

///

16.

In or about April 2021, Gomez called Plaintiff into Gomez' office and indicated that Mandy Casey, an employee in Accounts Receivable, saw that Gomez had put new carpet for his house on one of Plaintiff's jobs (the Brandon Lovelace job).

17.

During this conversation, Gomez asked Plaintiff to lie and say that Plaintiff knew about the carpet, and that it was fine for it to have been installed and billed. Plaintiff refused to do this.

18.

During this conversation, Gomez indicated to Plaintiff that he was going to see N. Steen and beg for forgiveness. When Gomez returned from the meeting with N. Steen, Gomez was still the General Manager. From this point forward, Plaintiff knew that Gomez was up to no good and Plaintiff needed to keep a close eye on Gomez.

19.

In 2022, Plaintiff was assigned an Assistant Project Manager ("APM"). This APM was Michelle Landon ("Landon").

20.

With the assistance of Landon, Plaintiff was able to process more jobs more quickly and thoroughly. At this point, Plaintiff and Landon started to see that job accounting was not adding up.

21.

At the weekly Project Manager ("PM") meetings, Plaintiff brought forward his findings and concerns.

///

22.

In response to the concerns Plaintiff was raising at the weekly PM meetings, Plaintiff was assured that it was a program thing and that they would figure it out. However, months went by with no resolution or follow up. It was also at this time that the subcontractor invoicing began to fall behind.

23.

In or around mid-2022, John Allen ("Allen") was brought in as the new Reconciliation Manager to help straighten out all the accounting issues and late payments to the subcontractors.

24.

Allen would come into Plaintiff's office everyday to discuss invoicing. During these conversations, Plaintiff raised concerns about not understanding why the subcontractors are not getting paid because Plaintiff knew he had collected more than enough money from the clients to cover the expenses.

25.

In response to these concerns raised by Plaintiff, Allen would respond that accounting never received the invoices from the subcontractors.

26.

To refute Allen's assertion that accounting never received the subcontractors' invoices, Plaintiff would show emails in Plaintiff's sent file showing the invoices and showing that they were sent more than once, and some were ninety (90) days or more past due.

27.

In or about May 2023, the subcontractors were still very behind on the invoicing. Subcontractors started to email Plaintiff to indicate that they would not resume work on jobs until the

PAGE 7 – **COMPLAINT**

EMPLOYMENT LAW PROFESSIONALS
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

invoicing was caught up. Plaintiff asserts that the amount of unpaid subcontractor invoices was approximately $400,000.00.

28.

At Plaintiff's last three PM meetings, Allen would ask Plaintiff where they were at with Plaintiff's projects. Plaintiff responded that they were at the same place they were months ago because Plaintiff could not get the jobs moving because the subcontractors refused to work without getting paid. Plaintiff again reiterated that Plaintiff had collected more than enough money from the clients to pay the subcontractors.

29.

The week following Plaintiff's resharing of his frustrations and concerns, Plaintiff was terminated.

30.

On information and belief, following Plaintiff's termination, Defendants made defamatory statements to the following people regarding Plaintiff:

- July Lau (a former client);
- Myron Killmer (a ProBuild PM);
- Carolyn Olson (a former client);
- Mandy Casey (ProBuild Accounts Receivable);
- Kat McKinny (ProBuild Estimator);
- Kevin O'Brian (Subcontractor);
- Tom Lisch (Subcontractor);
- Michelle Landon (Plaintiff's former APM);

PAGE 8 – **COMPLAINT**

EMPLOYMENT LAW PROFESSIONALS
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

- Elise McFarland (a former client); and

- Tim Wilder (a ProBuild PM).

31.

Plaintiff is well known in this industry and has established a very positive and substantial reputation.

V.     **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF OREGON WHISTLEBLOWER RETALIATION LAWS**
**ORS §659A.199**
**(AGAINST Defendants PROBUILD, SERVPRO, and PDX RESTORATION)**

32.

Plaintiff incorporates all previous paragraphs herein by reference.

33.

Plaintiff was employed by ProBuild from about or in October 2019, until his termination on May 19, 2022.

34.

Plaintiff was raising issues regarding issues with ProBuild jobs and ServPro jobs. Since ServPro is an Assumed Business Name, it would essentially be PDX Restoration jobs.

35.

While Plaintiff was employed with ProBuild, Plaintiff raised issues regarding Gomez asking him to lie about accounting on projects, which Plaintiff refused to do.

///

///

36.

Additionally, Plaintiff raised issues to Allen on several occasions (including right before Plaintiff's termination) regarding subcontractors not getting paid even though Plaintiff had collected more than enough money from clients to pay the subcontractors.

37.

In response to Plaintiff's good faith reports of misconduct, Plaintiff was subjected to increased scrutiny.

38.

On May 19, 2022, Plaintiff was terminated shortly after making his most recent report of suspected misconduct to Allen during a PM meeting.

39.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**AIDING AND ABETTING UNLAWFUL EMPLOYMENT PRACTICE**
**ORS §659A.030(1)(g)**
**(Against Defendants L. STEEN, N. STEEN, GOMEZ, and ALLEN)**

**COUNT 1:**
**(Against Defendants L. STEEN and N. STEEN)**

40.

Plaintiff incorporates all previous paragraphs herein by reference.

41.

In response to Plaintiff's raising concerns regarding possible insurance fraud by Defendants, L. Steen and N. Steen failed to take any action against Gomez and/or Allen.

42.

Plaintiff believes that this complacency by L. Steen and N. Steen, either demonstrates that L. Steen and N. Steen were in on the insurance fraud, did not know what was taking place in their own business, or did not care.

43.

On information and belief, when Plaintiff was terminated, L. Steen and N. Steen were involved in making the decision to terminate Plaintiff's employment.

44.

This participation, or at least idle complacency, aided and abetted the retaliatory termination of Plaintiff.

45.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**COUNT 2:**
**(Against Defendants GOMEZ)**

46.

Plaintiff incorporates all previous paragraphs herein by reference.

47.

Gomez' actions towards Plaintiff in attempting to get Plaintiff to lie regarding work performed on jobs is not lawful.

48.

Gomez' actions in Plaintiff's mind constituted insurance fraud and Plaintiff opposed it.

///

49.

When Plaintiff raised concerns regarding the issues with Gomez, Plaintiff was terminated.

50.

On information and belief, as the General Manager, Gomez would have been involved in the decision to terminate Plaintiff.

51.

Gomez' part in terminating Plaintiff, was for his own gain because he saw Plaintiff as a threat to expose the illegal activity that Gomez was engaged in.

52.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

## COUNT 3:
### (Against Defendants ALLEN)

53.

Plaintiff incorporates all previous paragraphs herein by reference.

54.

Allen's dismissive responses to Plaintiff's concerns regarding the payment of subcontractor invoices is troubling.

55.

Allen supposed to be ensuring that the money Plaintiff collected from clients was used properly and to pay the subcontractors for the work being performed.

///

PAGE 12 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

56.

When Plaintiff realized this was not taking place, Plaintiff brought the concerns to Allen who did nothing about it.

57.

On information and belief, Allen was involved in the decision to terminate Plaintiff shortly after Plaintiff renewed concerns over the missing client money not paying the subcontractors.

58.

Allen's motivations currently are unknown. Plaintiff believes that at a minimum the reluctance to take any action aided and abetted the illegal activity to take place. Furthermore, Allen doubled down in his participation in terminating Plaintiff to remove the person raising the concerns.

59.

Pursuant to ORS § 659A.885, Plaintiff is entitled to compensatory damages, emotional distress damages, loss to reputation damages, reasonable attorney fees, and costs incurred herein, to be proven at trial.

**THIRD CLAIM FOR RELIEF
DEFAMATION *PER SE*
(AGAINST ALL Defendants)**

60.

Plaintiff incorporates all previous paragraphs herein by reference.

61.

Plaintiff is well known in this industry and has a substantial and recognizable reputation.

62.

On information and belief, after Plaintiff was terminated from Defendants' employ, Defendants made defamatory statements to at least the following people:

PAGE 13 – **COMPLAINT**

EMPLOYMENT LAW PROFESSIONALS
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

- July Lau (a former client);

- Myron Killmer (a ProBuild PM);

- Carolyn Olson (a former client);

- Mandy Casey (ProBuild Accounts Receiveable);

- Kat McKinny (ProBuild Estimator);

- Kevin O'Brian (Subcontractor);

- Tom Lisch (Subcontractor);

- Michelle Landon (Plaintiff's former APM);

- Elise McFarland (a former client); and

- Tim Wilder (a ProBuild PM).

63.

Plaintiff believes the statements made to the above people were made by Defendants or were allowed to be said or encouraged to be said by Defendants.

64.

Plaintiff asserts that the statements made by the Defendants are not true and not opinions of the Defendants but asserted by Defendants as facts.

65.

As a result of these false statements, Plaintiff's reputation has been harmed.

66.

Because the false statements made by Defendants were regarding Plaintiff's job, the statements are *per se* defamatory.

///

67.

Additionally, Plaintiff believes some of the false statements made by Defendants alleged that Plaintiff was engaged in illegal activity. These statements are also *per se* defamatory.

68.

As a result of the false and therefore defamatory statements, Plaintiff has suffered a loss of reputation, humiliation, emotional distress, and economic losses.

**FOURTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST ALL Defendants)**

69.

Plaintiff incorporates all previous paragraphs herein by reference.

70.

Defendants maliciously spread defamatory statements about Plaintiff is not normal behavior people in our society expect from people or previous employers. Accordingly, this conduct is an extraordinary transgression against the bounds of socially tolerable conduct.

71.

Additionally, or in the alternative, Defendant employers not putting a stop to their employees spreading malicious, false, and therefore defamatory statements about a former employee is an extraordinary transgression against the bounds of socially tolerable conduct.

72.

Defendants knew that Plaintiff had a substantial reputation in the industry and thus by making the false defamatory statements, Defendants knew that it would negatively impact Plaintiff's reputation thus causing Plaintiff severe emotional distress.

73.

Additionally, or in the alternative, Defendant employers not putting a stop to their employees spreading malicious, false, and therefore defamatory statements about a former employee should have been obvious that this could cause reputational harm to Plaintiff and should have been stopped, but it was not.

74.

As a result of the false defamatory statements by Defendants, Plaintiff suffered a loss of reputation and humiliation. The Defendants' actions caused the Plaintiff to experience severe emotional distress.

75.

Accordingly, Plaintiff is entitled to recover compensatory and non-economic damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor, and against Defendants, and each of them, awarding Plaintiff economic damages and non-economic damages as determined at trial, but not less than $660,000.00, together with Plaintiff's costs, disbursements, attorney and expert witness fees under ORS §659A.885, and for such other relief the Court deems equitable and just.

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 18th day of May 2023.

> **EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
>
> By:  */s/ Andrew T. Mittendorf*
> Andrew T. Mittendorf, OSB #205394
> Email: andrew@elpnw.com

PAGE 16 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Kristofer T. Noneman, OSB #224630
Email: kristofer@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS NORTHWEST LLC**
POB 1309
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Tel: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Tim Sapp

PAGE 17 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404